G. Patrick HagEstad, Esq.
Giovanna McLaughlin, Esq.
MILODRAGOVICH, DALE,
STEINBRENNER & NYGREN, P.C.
Attorneys at Law
620 High Park Way
P.O. Box 4947
Missoula, Montana 59806-4947
Telephone: (406) 728-1455
Telefax: (406) 549-7077
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| LEE H. BURKHARDT,<br><br>    Plaintiff,<br><br>-vs-<br><br>SWEET PEA, INC. d/b/a SWEET PEA SEWER AND SEPTIC, a Montana Corporation,<br><br>    Defendant. | Cause No. CV-07-14-M-DWM<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, by and through his undersigned counsel of record, and hereby makes the following claims against the Defendant.

**JURISDICTION AND VENUE**

1. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b). This issue in this litigation arises from whether Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*

2. Plaintiff is not required to exhaust his administrative remedies under the Fair Labor Standards Act. 29 U.S.C. § 216(b). However, Plaintiff filed a Wage Claim with the State

of Montana Department of Labor & Industry on October 6, 2006 which is currently pending before the Labor Standards Bureau Wage & Hour Unit (Lee H. Burkhardt v. Sweet Pea, Inc., d/b/a Sweet Pea Sewer and Septic).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1). The Defendant's principal place of business is located in this District.

## PARTIES

4. Plaintiff Lee H. Burkhardt ("Burkhardt") is a Montana resident who resides in Grantsdale, Montana.

5. The Defendant, Sweet Pea, Inc. d/b/a Sweet Pea Sewer and Septic ("Sweet Pea") is a close corporation incorporated under the laws of the State of Montana, with its principal place of business located in Missoula, Montana.

6. Sweet Pea is operated by Susan Bashor-Reese ("Susan") and Chuck Bashor ("Chuck").

## FACTS COMMON TO ALL COUNTS

7. Sweet Pea is in the business of waste disposal, servicing the general public in Western Montana and parts of Idaho. In April of 2003, Sweet Pea moved its main office from Corvallis, Montana to Missoula, Montana where its principal place of business is currently located. The Corvallis office remains a branch of Sweet Pea.

8. Burkhardt was hired by Sweet Pea in June 2000 as a sewer and drain serviceman. He was paid an hourly rate of $9.25. Approximately one year after his hire, Burkhardt became a salaried employee.

9. After Sweet Pea moved its primary office from Corvallis to Missoula, Burkhardt continued to work out of the Corvallis office, primarily as a sewer and drain serviceman, and secondarily as a mechanic on Sweet Pea's trucks. Burkhardt also performed some limited supervisory duties with respect to the Corvallis office.

**COMPLAINT AND DEMAND FOR JURY TRIAL** - Page 2

10. On August 6, 2006, Burkhardt terminated his employment with Sweet Pea.

11. Burkhardt was not under a contract of employment with Sweet Pea, nor did he ever receive a job description.

12. During his employment with Sweet Pea, Burkhardt frequently worked in excess of forty (40) hours per week. Sweet Pea did not pay Burkhardt overtime wages in violation of federal wage and hour laws.

13. Burkhardt's duties did not meet the *bona fide* executive exemption from the Fair Labor Standards Act.

14. In approximately April 2003, Sweet Pea settled a wage claim with former employee, Stacey Williams, for violation of the overtime provisions within the Fair Labor Standards Act. The cause number of that action was 1509-2003.

## COUNT I
## OVERTIME VIOLATION OF THE FAIR LABOR STANDARDS ACT

15. Burkhardt restates and re-alleges the allegations of Paragraphs 1- 14, as if fully incorporated herein.

16. Sweet Pea violated its obligations to pay overtime wages to Burkhardt for his work in excess of forty (40) hours per week, pursuant to the Fair Labor Standards Act.

17. Under 29 U.S.C. § 255(a), a cause of action arising out of a willful violation of the overtime provisions of the Fair Labor Standards Act may be commenced within three (3) years after a cause of action accrues.

18. As Sweet Pea was aware of its obligations under the Fair Labor Standards Act from prior litigation, Sweet Pea is liable to Burkhardt for the amount of unpaid wages since August 6, 2003, penalties, and attorney's fees in relation to the wage claim.

WHEREFORE, Plaintiff prays for relief as follows:

1. Damages as permitted by law and determined by the finder of fact;

2. Plaintiff's attorney's fees;

3. Plaintiff's costs of suit; and

4. For such other and further relief as the Court deems just and proper.

DATED this 31st day of January, 2007.

By: /s/ G. Patrick HagEstad
G. Patrick HagEstad
MILODRAGOVICH, DALE,
STEINBRENNER & NYGREN, P.C.
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff and demands a jury trial on all issues of fact in the above case.

DATED this 31st day of January, 2007.

By: /s/ G. Patrick HagEstad
G. Patrick HagEstad
MILODRAGOVICH, DALE,
STEINBRENNER & NYGREN, P.C.
Attorneys for Plaintiff

11483/2 (emj)
I:\WORLDOX\DOCS\CLIENTFL\11483\002\cmp\00085322.WPD

**COMPLAINT AND DEMAND FOR JURY TRIAL - Page 4**